UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALPHA COMMUNITY SERVICES, INC., ) | Case No.: 1:05 CV 1474 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| MARLENE BOAS, *et al.*, ) | |
| ) | |
| Defendants ) | ORDER |

The Plaintiff, Alpha Community Services, Inc. ("Alpha"), brings this action against numerous parties involved in the administration of a federal grant program, the Safe Schools Healthy Students program ("SSHS"). Plaintiff alleges, *inter alia*, that Defendants breached and interfered with a contract with Alpha to serve as the evaluator for the services to be delivered with respect to SSHS. Alpha seeks a temporary restraining order ("TRO") to force its reinstatement under the alleged contract, to force Defendants to pay Alpha money allegedly owed under the contract, and to prevent Defendants from allegedly interfering with the contract (ECF No. 1).

After notice to the parties, the court held a telephonic hearing on the motion on May 27, 2005. Present on the call were: Donald R. Harris, counsel for Alpha; Christian M. Williams and Glenn Waggoner, counsel for Defendant Sandusky City Schools; and Terry Griffiths, counsel for Defendant Judge Robert DeLamatre. The court has reviewed the complaint, the memorandum in support of the motion for

temporary restraining order, and considered the oral arguments of counsel. Four factors are important in determining whether a temporary restraining order is appropriate: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). The test is a flexible one and the factors are not prerequisites to be met, but must be balanced. *Id.* at 1229. "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed.1995)).

The court concludes, on the limited record before it, that Plaintiff has not met its considerable burden to demonstrate that a TRO should issue. The facts are complicated – for example, there are many factors to consider in determining the adequacy of Alpha's performance under the alleged contract – and the court simply does not have enough information to support a finding that the extraordinary relief of a TRO is warranted in this case.

Accordingly, the court denies Alpha's motion for TRO (ECF No. 1). Further, the court orders that there be a hearing for preliminary injunction on June 10, 2005, at 8:30 a.m. In preparation for the hearing, the court orders that discovery be expedited so that the parties may fully present their arguments to the court.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

-3-

May 27, 2005

-3-